Doudou B. JANNEH, Plaintiff–
Appellant,

v.

ENDVEST, INC., d/b/a Arby's Roastbeef
Restaurant, Inc. and Triarc Restau-
rant Group, Inc., Defendants–Appel-
lees.

Docket No. 02–7926.

United States Court of Appeals,
Second Circuit.

May 6, 2003.

Doudou B. Janneh, Binghamton, New York, pro se.

Margaret Armstrong Weiner, Jackson Lewis LLP, White Plains, New York, for Defendants–Appellees.

Present: VAN GRAAFEILAND, MINER, and POOLER, Circuit Judges.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 6th day of May, two thousand and three.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

On November 12, 1998, Nicolina Mendolia of Endvest, Inc. ("Endvest") hired Doudou B. Janneh ("Plaintiff–Appellant"), a 44 year-old African–American man originally from SeneGambia, (sic) Africa, to work as a "manager/trainee" at Arby's Roastbeef Restaurant ("Arby's") in Vestal, New York. Plaintiff–Appellant would have been eligible to be promoted to the position of an assistant restaurant manager upon completing his training. However, Mendolia terminated Plaintiff–Appellant during the training period.

Plaintiff–Appellant filed suit against Endvest, which operated the restaurant, and Triarc Restaurant Group ("Triarc"), which licensed Endvest to operate the Arby's franchise. Plaintiff–Appellant alleged that Endvest and Triarc ("Defendants–Appellees"), subjected him to a hostile work environment, failed to promote him, and terminated him based upon his race, color, national origin, gender, and/or age, in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the New York State Human Rights Law. Plaintiff–Appellant also asserted a claim under the National Labor Relations Act and a common law claim for breach of an implied contract. The district court granted Defendants–Appellees' motion for summary judgment, and Plaintiff–Appellant appeals that decision.

We analyze Plaintiff–Appellant's discrimination claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which first requires the plaintiff to establish a prima facie case of discrimination. *See, e.g., Farias v. Instructional Sys., Inc.,* 259 F.3d 91, 98 (2d Cir.2001). The burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the termination, after which the plaintiff must proffer evidence that reasonably supports a finding of discrimination. *Id.*

Plaintiff–Appellant cannot establish a prima facie case that he was subjected to an unlawfully hostile work environment because he proffers no evidence of "discriminatory behavior that is sufficiently severe or pervasive to cause a hostile environment." *Brown v. Coach Stores, Inc.,*

163 F.3d 706, 713 (2d Cir.1998) (citations omitted). Plaintiff–Appellant argues that one of his supervisors, Jerry Holdbrook, was "impolite, sarcastic, antagonistic, and totally rude." However, there is no evidence that Holdbrook made racially-charged comments to Plaintiff–Appellant, and the record reflects that Holdbrook was equally unpleasant to Caucasian employees. In fact, Endvest transferred Holdbrook in response to Plaintiff–Appellant's complaints. Plaintiff–Appellant also alleges that another supervisor, Michael Cumak, assigned him to clean and mop the dining room floor while other trainees were assigned to administrative duties. However, Plaintiff–Appellant proffers no evidence in support of his allegation. He does not dispute that he did not observe all of his fellow trainees during their shifts, and he concedes that he was responsible for maintaining the restaurant's cleanliness. While Plaintiff–Appellant alleges that he was disparately disciplined for tardiness and absenteeism, he does not dispute that thirteen other employees were disciplined for similar infractions.

■ Plaintiff–Appellant cannot establish a prima facie case for an unlawful failure to promote because he cannot establish that he "applied and was qualified for a job for which the employer was seeking applicants." *Id.* at 709 (citations omitted). It is undisputed that Plaintiff–Appellant was not eligible to become an assistant restaurant manager until he completed his training. However, Plaintiff–Appellant neither completed his training nor sought the promotion. Moreover, Plaintiff–Appellant does not dispute that the other employees who were promoted had completed their training.

■ Plaintiff–Appellant's claim for unlawful termination also fails. Assuming

Plaintiff–Appellant could establish a prima facie case, Defendants–Appellees maintain that the termination was motivated by economic conditions. Defendants–Appellees proffer evidence that the restaurant's sales plummeted between December 1998 and January 1999, which they contend necessitated a reduction of the workforce. Mendolia, who hired Plaintiff–Appellant, decided to terminate him because he was the last trainee hired prior to the decline. Plaintiff–Appellant proffers no evidence to discount this explanation or to demonstrate that Mendolia's decision was unlawfully motivated. While Plaintiff–Appellant argues that other employees were not terminated, it is undisputed that he had the least seniority, and Defendants–Appellees' failure to include their termination policy in the employee handbook does not refute their proffered explanation. Contrary to his allegation, Plaintiff–Appellant proffers no evidence that Defendants–Appellees replaced him with a Caucasian employee, and the mere fact that Mendolia based her decision in part upon Plaintiff–Appellant's performance does not create a triable issue.

We decline to consider Plaintiff–Appellant's claims of retaliation and defamation because they were not asserted in the amended complaint. To the extent the amended complaint raised a claim for intentional infliction of emotional distress, it fails because Plaintiff–Appellant proffers no evidence that he suffered unlawful discrimination. Plaintiff–Appellant's claim under the National Labor Relations Act fails because he proffers no evidence that Defendants–Appellees breached a collective bargaining agreement, and his common law claim for breach of an implied contract fails because he was an at-will employee.[1] We have considered Plaintiff–

---

1. Even assuming Plaintiff–Appellant had as-    serted viable claims, we conclude that he pro-

Appellant's remaining claims and find them to be without merit. Accordingly, the judgment of the United States District Court for the Northern District of New York is **AFFIRMED.**[2]

vides no basis for holding Triarc liable.

**2.** Plaintiff–Appellant's motion for "review" is moot. Pursuant to Plaintiff–Appellant's rep-

resentation, this Court treated the motion and its exhibits as his reply brief.